**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| | **CIVIL ACTION NO:** |
| **Freedom Mortgage Corporation** | |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**682 South Waterboro Road, Lyman, ME 04002** |
| | **Mortgage:**<br>**October 30, 2015** |
| **Linda Waterman and Glen Waterman** | **Book 17129, Page 30** |
| **Defendants** | |
| **Homestyle Property Rental, Inc.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Freedom Mortgage Corporation, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Linda Waterman and Glen Waterman, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Freedom

Mortgage Corporation, in which the Defendant, Linda Waterman, is the obligor and the total amount owed under the terms of the Note is One Hundred Eighty-Six Thousand Five Hundred Ninety-Six and 64/100 ($186,596.64) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Freedom Mortgage Corporation is a corporation organized under the laws of the State of Indiana with its principal place of business located at 10500 Kincaid Drive, Fishers, IN 46037.

5. The Defendant, Glen Waterman, is a resident of Lyman, County of York and State of Maine.

6. The Defendant, Linda Waterman, is a resident of Lyman, County of York and State of Maine.

7. The Party-in-Interest, Homestyle Property Rental, Inc., is located at 62 Portland Road, Suite 1, Kennebunk, ME 04043.

## FACTS

8. On October 30, 2015, by virtue of a Warranty Deed from Norman Guerette, which is recorded in the York County Registry of Deeds in **Book 17129, Page 28**, the property situated at 682 South Waterboro Road, County of York, and State of Maine, was conveyed to the Defendants, Linda Waterman and Glen Waterman, being more particularly described

by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9.  On October 30, 2015, the Defendant, Linda Waterman, executed and delivered to Megastar Financial Corp. a certain Note in the amount of $156,695.00.  Defendant, Linda Waterman's personal liability is limited and / or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10.  To secure said Note, on October 30, 2015, the Defendants, Linda Waterman and Glen Waterman, executed a Mortgage Deed in favor of Megastar Financial Corp., securing the property located at 682 South Waterboro Road, Lyman, ME 04002 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 17129**, **Page 30**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11.  The Mortgage was then assigned to Mortgage Electronic Registration Systems, Inc. by virtue of an Assignment of Mortgage dated December 2, 2015 and recorded in the York County Registry of Deeds in **Book 17182**, **Page 980**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12.  The Mortgage was then assigned to Freedom Mortgage Corporation by virtue of an Assignment of Mortgage dated January 17, 2017 and recorded in the York County Registry of Deeds in **Book 17419**, **Page 259**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13.  The Mortgage was assigned to Freedom Mortgage Corporation by virtue of a Quitclaim Assignment dated July 26, 2017 and recorded in the York County Registry of Deeds in **Book 17534**, **Page 571**.  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On October 16, 2017, the Defendants, Linda Waterman and Glen Waterman, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). Defendant, Linda Waterman's personal liability is limited and / or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants, Linda Waterman and Glen Waterman, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

16. The Defendants, Linda Waterman and Glen Waterman, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Freedom Mortgage Corporation, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Freedom Mortgage Corporation, is the lawful holder and owner of the Note and Mortgage.

19. Homestyle Property Rental, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,470.26 dated October 25, 2016, and recorded in the York County Registry of Deeds in **Book 17374**, **Page 553** and is in second position behind Plaintiff's Mortgage.

20. The total debt owed under the Note and Mortgage as of April 30, 2019 is One Hundred Eighty-Six Thousand Five Hundred Ninety-Six and 64/100 ($186,596.64) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $154,590.35 |
| Interest | $16,450.35 |
| Escrow Advanced | $9,335.97 |
| Late Fees | $1,001.98 |
| Additional Items Due | $5,217.99 |
| Grand Total | $186,596.64 |

21. Upon information and belief, the Defendants, Linda Waterman and Glen Waterman, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

22. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure respecting a real estate related Mortgage and title located at 682 South Waterboro Road, Lyman, County of York, and State of Maine. *See* Exhibit A.

24. The Plaintiff, Freedom Mortgage Corporation, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Freedom Mortgage Corporation, has the right to foreclosure upon the subject property.

25. The Plaintiff, Freedom Mortgage Corporation, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendants, Linda Waterman and Glen Waterman, are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of April 30, 2019, is One Hundred Eighty-Six Thousand Five Hundred Ninety-Six and 64/100 ($186,596.64) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $154,590.35 |
| Interest | $16,450.35 |
| Escrow Advanced | $9,335.97 |
| Late Fees | $1,001.98 |
| Additional Items Due | $5,217.99 |
| Grand Total | $186,596.64 |

28. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendant, Linda Waterman's discharge in bankruptcy and, accordingly, this action **does not** seek and personal liability on the party of the Defendant, Linda Waterman, but only seeks in rem judgment against the property.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Linda Waterman and Glen Waterman, on October 16, 2017, evidenced by the Certificate of Mailing.. *See* Exhibit G.

31. The Defendants, Linda Waterman and Glen Waterman, are not in the Military as evidenced by the attached Exhibit H.

## COUNT II – EQUITABLE MORTGAGE

32. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. The intent of the Defendants, Linda Waterman and Glen Waterman, and original lender, Megastar Financial Corp., on October 30, 2015, was to create a mortgage on the property, commonly known as and numbered as 682 South Waterboro Road, Lyman, ME 04002.

34. This intent is shown by the execution of a Promissory Note dated October 30, 2015 to Megastar Financial Corp. in the amount of $156,695.00.

35. The value given at the time of the transaction was $156,695.00 which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, Linda Waterman and Glen Waterman, and Megastar Financial Corp. on the date of the transaction October 30, 2015, that a mortgage be granted on the subject property.

36. The aforesaid Promissory Note, specifically references 682 South Waterboro Road, Lyman, ME 04002, as the "Property Address".

37. In addition to the aforesaid Promissory Note, Defendants, Linda Waterman and Glen Waterman, also executed a Mortgage on October 30, 2015 which particularly referenced exactly the same property address of 682 South Waterboro Road, Lyman, ME 04002, which was referenced on the aforesaid Promissory Note.

38. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96A.3d 700 (ME. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

39. This defect is not related to the original execution of the documents, nor the intent of the Defendants, Linda Waterman and Glen Waterman, and Megastar Financial Corp., but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

40. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its' progeny; *See Deschaine, Fn 4; Pushard Fn 14.*

41. It was the intent of the Defendants, Linda Waterman and Glen Waterman, and Megastar Financial Corp. at the time of the transaction, as to the execution of the subject documents, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

42. The Plaintiff, Freedom Mortgage Corporation, is the owner and holder of the subject Promissory Note.

43. The Plaintiff, Freedom Mortgage Corporation, is the owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

44. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

45. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

46. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

47. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

48. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A.2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Freedom Mortgage Corporation, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendant, Linda Waterman's discharge in bankruptcy and, accordingly, this action **does not** seek any personal liability on the part of the Defendant, Linda Waterman, but only seeks in rem judgment against the property;

b) Grant possession to the Plaintiff, Freedom Mortgage Corporation, upon the expiration of the period of redemption;

c) Impose and enforce an equitable mortgage upon the subject property commonly known as and numbered as 682 South Waterboro Road, Lyman, ME 04002 for the benefit of the Plaintiff;

d) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Freedom Mortgage Corporation,
By its attorneys,

Dated: May 1, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670